FILED
COURT OF APPEALS
DIVISION II

2013 JUL 30 AM 10: 30

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Estate of:<br><br>CORRINE WEGNER, deceased; and<br>KENNETH WEGNER, personal<br>representative,<br><br>          Respondent,<br><br>and<br><br>MAXINE ELAINE TESCHE, a single person,<br><br>          Appellant. | No. 42789-3-II<br><br><br><br>UNPUBLISHED OPINION |

PENOYAR, J. — Maxine Tesche appeals an $8,617.50 attorney fee award to Corrine Wegner's estate. Tesche and Wegner owned real property as joint tenants with right of survivorship before Wegner died intestate. The trial court awarded attorney fees to the estate under chapter 11.96A RCW—The Washington Trust and Estate Dispute Resolution Act (TEDRA)—and a court commissioner's order after the estate unsuccessfully brought a petition to appoint a receiver or referee to sell the real property. Tesche argues the trial court erred by awarding attorney fees to the estate because (1) $3,010 of the fees were connected with the estate's improper first petition for a receiver, (2) Tesche prevailed on the grounds she raised below, and (3) the trial court, by denying the petition for a receiver or referee, found it unnecessary to bring the petition. We affirm the award of attorney fees because the court had broad discretion under TEDRA to award them. Moreover, (1) Tesche fails to show the lower court erred by awarding attorney fees for the estate's first petition, (2) prevailing on the petition was never necessary to recover attorney fees, and (3) Tesche misreads the word "necessary" in the commissioner's order. Accordingly, we affirm and award the estate attorney fees on appeal.

FACTS

I.     THE COURT CLOSED WEGNER'S ESTATE PENDING PAYMENT OF A JUDGMENT LIEN

Wegner and Tesche owned real property as joint tenants with right of survivorship. Wegner died intestate in 2006. Her estate's personal representative filed suit, asserting that Tesche had only an equitable mortgage on the property, not survivorship rights. Though it dropped this claim, the estate preserved its right to charge a fair share of administrative expenses and creditor claims to Wegner's interest in the real property. On December 22, 2008, a court commissioner signed an order closing the estate and creating a judgment lien against the real property. This lien totaled $16,212.58 and consisted of some of the estate's administrative fees and creditor claims. Tesche took title to the real property subject to the judgment lien. In his order, the commissioner stated that if Tesche did not pay the lien in 180 days

> . . . then the estate has the right to bring a motion to the court for appointment of a referee who shall have authority to sell the real property on terms and conditions the court will order. **Should it be necessary for the estate to file a petition for appointment of the referee, then the estate shall be entitled to all reasonable attorney fees incurred after the date of entry of the decree herein until receipt of the judgment lien payment in full** because of problems associated with the underlying mortgages in the event of a foreclosure.

Clerk's Papers (CP) at 8 (emphasis added). Tesche moved for revision of the commissioner's order and Superior Court Judge McCarthy affirmed the order on February 27, 2009. Tesche appealed and we affirmed on October 8, 2010.

II.    THE TRIAL COURT DENIED THE ESTATE'S PETITION TO APPOINT RECEIVER OR REFEREE

On April 26, 2011, the estate filed a petition to appoint a custodial receiver, to which Tesche failed to timely respond. On May 13, 2011, the estate filed an amended petition to appoint a receiver or referee. Tesche argued a receiver or referee was unnecessary because the estate had other legal remedies it could pursue.

The trial court found that the judgment lien was an adequate remedy and declined to appoint a receiver or a referee, stating the court will not "fashion an equitable remedy to enforce the remedy in this case." Report of Proceedings (RP) (May 27, 2011) at 40. The trial court declined to rule on attorney fees but recognized and reserved the estate's right to request reasonable attorney fees.

III.    THE TRIAL COURT GRANTED THE ESTATE'S MOTION FOR AWARD OF ATTORNEY FEES

On October 4, 2011, the estate filed a motion for award of attorney fees under the commissioner's order. The estate listed $8,617.50 in attorney fees from October 11, 2010, through October 14, 2011, consisting of nearly 33 hours billed at $250 per hour. Tesche opposed the motion, arguing that, because the court denied the estate's petition to appoint receiver or referee, she had prevailed and the estate was not entitled to attorney fees. The trial court granted the estate's motion. The court said it was "upholding . . . the order of the pro tem commissioner . . . affirmed by Judge McCarthy of the Superior Court and not appealed from. It remains the order in this case, and I will, indeed, enforce that order." RP (Oct. 14, 2011) at 19. Tesche appeals.

## ANALYSIS

We will not interfere with an award of attorney fees in probate matters unless there are facts and circumstances clearly showing the award is manifestly unreasonable or based on untenable grounds or reasons. *In re Estate of Black*, 153 Wn.2d 152, 173, 102 P.3d 796 (2004); *Moreman v. Butcher*, 126 Wn.2d 36, 40, 891 P.2d 725 (1995). Because the trial court had broad discretion to award fees under TEDRA, we affirm the award.

## I. THE TRIAL COURT HAD BROAD DISCRETION TO AWARD ATTORNEY FEES

The controlling statute in this case is RCW 11.96A.150. The trial court had broad discretion to award fees under this TEDRA statute:

(1) Either the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.

RCW 11.96A.150(1). Here, the trial court knew that Tesche had not paid the full amount owed under the judgment and that a previous order had warned her that if a petition for appointment of a receiver became necessary she would be responsible for the attorney fees involved. These circumstances served as a tenable basis for the award.

Tesche's arguments to the contrary are unpersuasive. First, she argues $3,010 of the attorney fees should be disallowed because they were incurred exclusively in connection with the estate's first petition for a receiver, in which the estate allegedly failed to comply with the receivership statute. She asserts that the estate failed to provide notice and post a bond as required and that no court order permitted the estate to seek relief under the receivership statute. However, the mere fact that opposing counsel allegedly made mistakes in attempting to collect the sums owed by Tesche fails to show that the trial court acted unreasonably by including the fees for the first petition.

Next, Tesche argues that, because she prevailed below, the estate is not entitled to any attorney fees. Tesche is correct that the trial court agreed with her arguments to deny the estate's petition for a referee, but nothing in TEDRA or the commissioner's order required the estate to

4

prevail to receive attorney fees. The only reason that the estate was in court was that Tesche had not paid her debt.

Finally, Tesche argues that it was unnecessary to file the petition for appointment of a receiver or referee because the estate already had a "Judgment" as well as a "Judgment Lien" against Tesche's property, which furnished it with adequate remedies at law. Appellant's Br. at 41. This argument turns on the definition of "necessary" as used in the commissioner's order. Tesche argues that "[e]ither the petition was necessary and the fee request reasonable _or_ the petition was not necessary thus rendering unreasonable any fee request." Appellant's Br. at 42 (emphasis in original). Tesche fails to note there is a difference between the necessity of filing a petition and the merits upon which that petition will be decided. Tesche created the necessity of petitioning for a receiver or referee by failing to pay the judgment lien. That the estate had other remedies or that this remedy was denied does not mean that it was not a good faith effort to collect a lawful debt.

The trial court had valid reasons supporting its award of attorney fees, including the broad authority given under TEDRA and the commissioner's order. We affirm.

II. ATTORNEY FEES ON APPEAL

We award the estate its properly requested attorney fees on appeal. Under TEDRA, we have broad authority to award fees. RCW 11.96A.150. Consistent with the language in the commissioner's order in this case, the estate is entitled to recover those fees it would not have incurred but for Tesche's refusal to pay the valid judgment lien. These now include attorney fees on appeal.

We find no reversible errors, affirm, and award the estate attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Hunt, J.

Bjorgen, J.